IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JORDON COOLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MOYRA ANTHONY, DOUG FRIDEL, JESSICA MOORHEAD, JEN WEBER, MICHAEL ANDERSON, PETER DELMOE, and DAMON GANNETT,<br><br>Defendants. | CV 17-00165-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jordon Cooley filed a motion to proceed in forma pauperis (Doc. 1), a proposed Complaint (Doc. 2), and a motion to amend the Complaint (Doc. 4). He alleges Defendants violated his Fourth, Fifth, Ninth, and Fourteenth Amendment rights under the United States Constitution by removing his son from his custody without sufficient cause. (Doc. 2 at 6.)

The motion to proceed in forma pauperis and motion to amend will be granted. But the Court must abstain from hearing Mr. Cooley's claims for injunctive relief at this time, and those claims should be dismissed. To the extent Mr. Cooley is seeking monetary relief, those claims should also be stayed pending the resolution of the state court proceedings regarding the custody of his son.

1

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Cooley's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a).  (Doc. 1.)  The request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

## II.  MOTION TO AMEND

Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it.  Mr. Cooley filed his motion to amend within the 21-day period.  The motion to amend will be granted and the Clerk of Court will be directed to file the Amended Complaint.

## III.  STATEMENT OF THE CASE

### A.  Parties

Mr. Cooley is proceeding without counsel.  He names the following Defendants:  Moyra Anthony, Doug Fridel, Jessica Moorhead, Jen Weber, Michael Anderson, Peter Delmoe, and Damon Gannett.  (Complaint, Doc. 2.)

In his Amended Complaint, Mr. Cooley names the following Defendants: Moyra Anthony, Doug Fridel, Jessica Moorhead, and Jen Weber.  (Doc. 4-1 at 4-5.)  Because the Amended Complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n. 1 (9th Cir. 2012)(*en banc*), Defendants Michael Anderson, Peter Delmoe, and Damon Gannett will be recommended for

dismissal.

### B. Factual Allegations

On October 18, 2017, Judge Moses from Montana's Thirteenth Judicial District Court dismissed a youth in need of care case involving Mr. Cooley's three-year-old son. According to Mr. Cooley, that case had been pending for 18 months.

On November 7, 2017, however, Mr. Cooley received a call at work from his mother who told him that CPS workers Moyra Anthony and Jessica Moorehead and a Friedel employee were at their home. They had informed Mr. Cooley's mother that there had been a concerning report made against him and they needed to drug test him. After walking through the house and looking in Mr. Cooley's bedroom and closet, they told Mr. Cooley's mother that he needed to be at Friedel's office by 4:00 p.m., or they would remove his son and place him in foster care.

Mr. Cooley was not directly notified by CPS until after 3:30 p.m. He was told by Moyra that he needed to be at Friedel's office by 4:00 p.m. to provide a swab of his mouth, and he would then be put on a drug testing patch for a week. When he took the mouth swab test, he was told he failed and tested positive for methamphetamine and amphetamine.

He was later contacted by Moyra and told he needed to be at his house within the hour. When Moyra arrived, she told Mr. Cooley and his mother that there had been many concerning reports made about him. She then asked about the failed test. Mr. Cooley admitted to smoking marijuana but not near his son or in his home.

Moyra told Mr. Cooley that she was removing his son from his care and placing him with his mother, and he would need to leave the home and find somewhere else to live. He was given a paper that said the reasons for removal were ongoing concerns with regard to substance abuse and use, and the inability to meet the basic needs of the child.

Outside of parenting time, Mr. Cooley has had no contact from the Yellowstone CPS office regarding reunification with his son since November 28, 2017. (Doc. 2-6.) A hearing had been set in his custody matter for February 7, 2018. (Doc. 2-1 at 16.)

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

Because Mr. Cooley is proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Since there is a pending state court action on the child custody issues raised in this matter, the Court must consider whether this action should be stayed or dismissed under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* established that federal courts must refrain from enjoining or

interfering with a parallel, pending criminal proceeding in state court. *Id.* at 49-53. The U.S. Supreme Court subsequently "extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions." *Sprint Commc'ns., Inc. v. Jacobs* _____ U.S. ____, 134 S.Ct. 584, 588 (2013). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004).

*Younger* abstention also applies to federal civil actions under 42 U.S.C. § 1983 requesting money damages. *Gilbertson*, 381 F.3d at 979. As the Ninth Circuit recognized, claims for damages which turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings implicate the same grounds for abstention as claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

Federal courts may raise the issue of *Younger* abstention sua sponte. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976), *San Remo Hotel v.*

*City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

The Ninth Circuit recently made clear, however, that "[a]bstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc.*, 134 S.Ct. 584.

Here, since a court hearing had been scheduled in the child custody matter, it is clear that there are ongoing state proceedings.[1] It is also clear that these proceedings are quasi-criminal enforcement actions and/or involve the state's interest in enforcing the orders and judgments of its courts. In *Sprint*, the Court explained when civil enforcement proceedings are "akin to a criminal prosecution" as follows:

> Such enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act. In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action. Investigations are commonly involved, often culminating in the filing

---

[1] *"Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed." *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1989)

of a formal complaint or charges.

134 S.Ct. at 592 (internal citations omitted).  To illustrate further, the Court cited *Moore v. Sims*, 442 U.S. 415 (1979) as an example of a quasi-criminal enforcement action.  *Id.*  In *Moore*, parents challenged the constitutionality of parts of the Texas Family Code that permitted removal of their children following allegations of child abuse.  *Moore*, 442 U.S. at 418–20.  Prior to the parents' action, the state had initiated proceedings alleging child abuse, leading to an investigation and subsequent custody hearings.  *See id.*  The Supreme Court ultimately determined that the Federal District Court should not have exercised jurisdiction in the matter, and should have abstained under the *Younger* doctrine.  *Id.* at 423-435.

    Mr. Cooley's claims are indistinguishable from the claims in *Moore*.  The State of Montana has initiated proceedings alleging child abuse and/or neglect, there has been an investigation, and a custody hearing has been scheduled.  In accordance with *Moore and Sprint*, it is clear that the State of Montana has initiated a quasi-criminal enforcement action.

    Mr. Cooley also has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights.  He has opportunities under Montana law, and the laws and rules of procedure set forth in

8

Title 41, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to the child custody proceedings. He may also appeal the decisions of the state court to the Montana Supreme Court after final judgment.

Therefore, this is precisely the type of case suited to *Younger* abstention. *See Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (holding that *Younger* abstention was appropriate in § 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle). Mr. Cooley seeks federal intervention into an ongoing state domestic dispute by asking this Court to interfere with a state court order removing his child from his custody.

Since this action would unduly interfere with the state court proceeding in a way *Younger* disapproves, abstention is mandatory. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). The Court finds no circumstances exist in this case which would warrant

9

application of the referenced exception to abstention.  As such, the Court should abstain from adjudicating Mr. Cooley's claims under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief.  Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate.  *Gilbertson*, 381 F.3d at 981.  But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending.  *Id.* 381 F.3d at 981-982; *see also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009).  Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings.  *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012).

Mr. Cooley does not specifically indicate the relief he is seeking from this action, but the proper course is to dismiss any claims for injunctive and declaratory relief and stay any claims for damages.  *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have

been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D.Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed.").

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on December 20, 2017.

3. The Motion to Amend (Doc. 4) is GRANTED. The Clerk of Court is directed to file Mr. Cooley's Amended Complaint (Doc. 4-1).

4. At all times during this action, Mr. Cooley shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Cooley's allegations and claims challenging Defendants' actions regarding the removal of his son should be DISMISSED to the extent Mr. Cooley

11

seeks injunctive relief.

2. To the extent Mr. Cooley has raised any claims for monetary damages, those claims should be STAYED until the state court proceedings are completed and final. The Clerk of Court's Office should be directed to administratively close this case.

If Mr. Cooley desires to continue with this case after disposition of the state court custody proceedings, he must file a motion requesting that the case be reopened and the stay lifted within thirty days of disposition of those proceedings, unless an appeal is filed. If he appeals, any request to reopen and lift the stay must be filed within thirty days of completion of the appellate process.

3. Defendants Michael Anderson, Peter Delmoe, and Damon Gannett should be DISMISSED as they were not included as defendants in Mr. Cooley's Amended complaint.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cooley may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Cooley is being served by mail, he is entitled an additional three (3) days after the

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of March, 2018.

_____
Timothy J. Cavan
United States Magistrate Judge

---

period would otherwise expire.