IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JORDAN COOLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MOYRA ANTHONY, et al.,<br><br>Defendants. | Cause No. CV 17-165-BLG-SPW-TJC<br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

Plaintiff Jordan Cooley filed this action on December 20, 2017. A stay was imposed on March 22. On June 15, Plaintiff moved to lift the stay. His motion was granted and the case was reopened on October 31, 2018. At that time, Plaintiff was ordered (Doc. 10) to sign the letter he submitted with his original complaint on December 20, 2017, because it contains the allegations appropriate to a complaint or amended complaint.

Plaintiff failed to comply with the order. The Court recommended the action be dismissed for failure to prosecute (Doc. 11). Plaintiff reappeared and objected (Doc. 12), so the Court withdrew the recommendation (Doc. 13). On February 7, 2019, Plaintiff signed the letter containing the allegations appropriate to a pleading (Doc. 14).

1

Since then, the Court ordered the clerk to serve the pleading on three Defendants (Doc. 15) and ordered Plaintiff to submit an address for another (Doc. 20). Plaintiff did not respond to the Order. The three Defendants who waived service of the summons filed an answer (Doc. 19). The Court issued a scheduling order (Doc. 21) with a deadline of January 14, 2020, for filing of a disclosure statement. Defendants complied with the deadline (Doc. 24), but Plaintiff did not.

On February 19, 2020, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for failure to prosecute (Doc. 26). Plaintiff did not respond to the order.

When a plaintiff fails to comply with an order or a rule, an action may be dismissed. *See* Fed. R. Civ. P. 41(b). Without providing a hearing or awaiting a motion, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962), district courts may "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *id.* at 630. The only question is whether dismissal is appropriate in this case.

To decide whether dismissal is appropriate, a court must consider five factors:

> 1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*,

2

963 F.2d 1258, 1260 (9th Cir. 1992).

There is no justification for expending the Court's time and resources on a case that lacks the Plaintiff's support. The first and second factors counsel dismissal. The opposing party is prejudiced by frustration of its attempts to obtain a resolution of the matter on the merits. Although cases should be addressed on their merits, that is impossible when the party that filed suit fails to prosecute it. The third and fourth factors support dismissal. Finally, no other course of action appears to be available. Litigation cannot proceed without a plaintiff.

All five factors support dismissal in view of Plaintiff's failure to prosecute this case. The matter should be dismissed. *See* Fed. R. Civ. P. 41(b).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. This action should be DISMISSED under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Cooley must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 29th day of April, 2020.

                                         */s/ Timothy J. Cavan*
                                         Timothy J. Cavan
                                         United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.